**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AKWASI DAMOAH ASUMADU,

      Appellant/Cross-Appellee,

  v.

HANNAH BOAHEMAA BAFFOE,

      Appellee/Cross-Appellant.

Nos.  18-16658, 18-16720

D.C. No.
2:18-cv-01418-DLR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted March 7, 2019
Phoenix, Arizona

Before: IKUTA and FRIEDLAND, Circuit Judges, and BLOCK,[**] District Judge.

Petitioner Akwasi Asumadu and Respondent Hannah Baffoe file cross

appeals in this case under the Hague Convention.  The district court ordered that

their son, K.A.A., be returned to Mr. Asumadu in Canada, while allowing their

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

daughter, A.K.A., to remain in the United States with Ms. Baffoe. Reviewing the district court's factual findings for clear error, *Murphy v. Sloan*, 764 F.3d 1144, 1151 n.5 (9th Cir. 2014), we affirm.

First, the district court did not clearly err in finding that the parties had no "shared, settled intent" for Canada to become A.K.A.'s habitual residence. *Id.* at 1150. The district court, crediting Ms. Baffoe's testimony that her move to Canada with A.K.A. was intended as a trial period to determine whether Mr. Asumadu would continue to abuse her, found that "there was never a shared intent for A.K.A. to live anywhere other than with [Ms.] Baffoe." No evidence in the record—such as the Canadian tax benefit the family received for A.K.A. or her attending school in Canada—shows that it was clear error for the district court to determine that there was no settled intent for A.K.A. to relocate to Canada permanently. Further, under the circumstances of this case and the district court's findings, we need not reach the issue of whether Canada became A.K.A.'s habitual residence by acclimatization.

Second, the district court did not clearly err in finding that the parties *did* have a "shared, settled intent" for Canada to become K.A.A.'s habitual residence. *Murphy*, 764 F.3d at 1150. We need not decide whether the district court erred in not excusing—due to Ghanaian cultural norms—Ms. Baffoe's failure to use legal processes to ensure K.A.A.'s return to the United States, because it relied on other

2

evidence too in reaching its determination about the parties' intent. It was not clear error, for instance, for the district court not to credit Ms. Baffoe's contention that she did not bring K.A.A. back to the United States with her when she would visit him in Canada because Mr. Asumadu had withheld his passport from her. Therefore, we affirm the district court's order that K.A.A. be returned to Canada.

Third, we need not decide whether or under what circumstances abuse of a spouse may create a grave risk of harm to the spouse's child because A.K.A. will remain in the United States with Ms. Baffoe while K.A.A. returns to Canada with Mr. Asumadu. Ms. Baffoe has also indicated that she does not otherwise plan to return to Canada—given the parties will not be living together, there is no risk of spousal abuse or resulting harm to the children.

Lastly, the district court did not abuse its discretion by not implementing Article 18 of the Hague Convention to order A.K.A.'s return to Canada. Hague Convention on the Civil Aspects of International and Child Abduction, art. 18, Nov. 1, 1980, 19 I.L.M. 1501 (1980). Such a decision is discretionary, and the record does not show that equitable considerations require such a return. *See In re B. Del C.S.B.*, 559 F.3d 999, 1015 (9th Cir. 2009) ("We decline to remand the case to the District Court for a discretionary determination under Article 18 as to whether Brianna should be returned to Mexico.").

**AFFIRMED.**